ALLAN CALDWELL, TREASURER OF THE TOWNSHIP OF OLIVER, v. DAVID WARD AND HENRY C. WARD.

*Taxes—Removal of timber—Waste—Injunction.*

1. Act No. 223, Laws of 1889, as introduced, was entitled "A bill authorizing and empowering the township treasurers of the county of Kalkaska, in the State of Michigan, to force the collection of taxes in certain cases," while the title to a substitute reported after the first fifty days of the session was "A bill to authorize the issuance of injunctions to restrain waste upon certain lands when the taxes upon the same shall be due and unpaid." And it is held that the titles relate to the same subject-matter, and that, in the absence of the original bill, it will be presumed that its provisions were germane to the object expressed in its title: that the sole object in restraining waste is "to *force* the collection of the taxes;" and that the right to

enlarge or limit the territory within which such acts shall be operative under bills which, as introduced, include a part or all of the State, has never been questioned, and that this can be done as well after the fifty-day limit as before.

2. Act No. 223, Laws of 1889, authorizing the issuance of injunctions at the suit of township treasurers' to restrain waste upon lands on which taxes are due and remain unpaid, is construed as follows:

*a*—The purpose of the statute is to prevent the removal of timber without the payment of the taxes assessed on the lands, and thus to secure to the State the revenue which is justly due from the owners if the tax is legal.

*b*—The statute does not require that the bill shall allege and the complainant prove that the land would be *worthless* without the timber, or would not be worth the amount of the tax.

*c*—The statute applies only to *wild* lands, and makes the cutting of timber on lands *chiefly* valuable for their timber waste, and the clear intent of the Legislature was to force the payment of the taxes before the land is stripped of its *chief* value.

*d*—The township treasurer is made the agent of the State during his term of office to commence suit whenever the occasion arises, which cannot be done while the tax roll is in hands, nor until the expiration of the time specified by law payment of the taxes.

Appeal from Kalkaska. (Aldrich, J.) Argued October 21, 1890. Decided October 31, 1890.

Bill to restrain waste upon lands upon which taxes are unpaid, under Act No. 223, Laws of 1889. Complainant appeals from a decree dismissing bill. Decree reversed, and cause remanded for further proceedings. The facts are stated in the opinion.

*Chauncey C. Jencks,* for complainant.

*H. H. Wheeler, H. T. Cook, W. D. Totten,* and *C. M. Phelps,* for defendants.

GRANT, J. Act No. 223, Laws of 1889, provides that:

"When any person, company, or corporation shall neglect or refuse to pay any tax assessed on the lands of

such person, company, or corporation within the time specified by law, the township treasurer shall be entitled to an injunction to restrain waste on any of such lands upon which the taxes shall remain unpaid, when it shall appear that such lands are chiefly valuable for the timber being, standing, or growing thereon."

The act further provides that the circuit judge or circuit court commissioner may upon application grant the restraining order.

Complainant filed the bill in this cause under this law. The bill contains the following allegations:

1. That complainant is the treasurer of the township of Oliver, in Kalkaska county, duly elected and qualified; that he received the tax roll of the township, and took all the steps required by law to secure the collection and payment of the taxes.

2. That there were assessed upon said tax roll taxes upon certain lands of the defendant David Ward, which said lands are particularly described in said bill as they are upon said tax roll described,

3. That the said David Ward is not a resident of the said county of Kalkaska, and that he has no place of business in the said township of Oliver.

4. That the said David Ward has neglected and refused to pay the taxes so as aforesaid assessed to him in said township of Oliver, and appearing on said tax roll.

5. That the said David Ward has no personal property in the county of Kalkaska from which the amount of said taxes could be collected.

6. That the said lands upon which said taxes are assessed are chiefly valuable for the timber standing, being, and growing thereon.

7. That the said David Ward threatens to cut and remove the said timber, and was at the time of the filing of said bill engaged in so cutting and removing the same, and in committing other waste on the said lands, to the great and irreparable injury thereof.

8. That one Henry C. Ward threatens to cut and remove timber from said lands, and at the time of the filing of said bill of complaint was then engaged with numerous men and teams in so cutting and removing said timber, and in committing other waste on said lands, to the great and irreparable injury thereof.

The bill contains the requisite prayer for relief. Defendants demurred generally. The demurrer was sustained, and complainant appeals.

A general demurrer admits the facts stated in the bill to be true, but denies that they make a case for the interposition of a court of equity. All technical objections are waived. The only question therefore is, does the bill state a case which, if true, entitles complainant to the relief sought?

The proceeding is purely statutory, and, in construing the statute, we must consider the occasion for its enactment, and the object to be accomplished. It has long been notorious in this State that owners of lands valuable mainly, if not entirely, for the timber upon them, remove their timber without payment of the taxes, and pay no taxes thereafter. Such lands are usually sold and bid in at the tax sales by the State. The purpose of this statute is evident, viz., to prevent the removal of the timber without the payment of the tax, and thus secure to the State the revenue which is justly due from such owners if the tax is legal. If, as defendants contend, such a bill should allege that the land would be worthless without the timber, or would not be worth the amount of the tax, and that such allegation must be proven, it is apparent that the remedy would be worthless. The statute clearly does not contemplate such an issue. It is doubtful if a case could be found in which there would not be witnesses to testify that the land when stripped of the timber would be worth the amount of the tax. In the unseemly effort to avoid taxation, unscrupulous methods are often resorted to, and under defendants' contention the law would be practically nugatory.

Whatever meaning may have been given to the term "waste" as applied to heirs, or those in reversion or remainder, or as between mortgagor and mortgagee, it is

apparent that this statute furnishes its own definition. It applies only to wild lands. It makes the cutting of timber on lands chiefly valuable for the timber waste. In lumbering operations, all available timber is cut. The land is stripped of its chief value. The clear intent of the Legislature was to force the payment before this is done.

The township treasurer is made the agent of the State during his term of office to commence suit whenever the occasion arises. He could not well bring the suit while the tax roll is in his hands, because the tax-payer is entitled to all that time within which to pay. There might be a refusal, but there could not well be a neglect, to pay within the time limited for payment. By the very terms of the act, no suit can be brought until the expiration of the time specified by law for payment. This disposes of all the questions raised as to the frame and character of the bill.

It is insisted that the act is null and void because it was not properly passed by the Legislature, for the alleged reason that it was not introduced within the first 50 days of the session.[1] The history of this legislation is as follows: February 20, 1889, a bill was introduced in the House entitled—

"A bill authorizing and empowering the township treasurers of the county of Kalkaska, in the State of Michigan, to force the collection of taxes in certain cases."

The bill was laid on the table. April 17 the bill was taken from the table, and referred to the committee on judiciary. May 17 the committee reported a substitute for the bill, with the following title:

"A bill to authorize the issuance of injunctions to

---

[1] See Const. § 28, Art.4.

83 MICH.—2.

restrain waste upon certain lands when the taxes upon the same shall be due and unpaid,"—

Which is the title to the act as passed. The first bill was introduced before the expiration of the 50 days; the substitute, after. The bill was subsequently duly passed by both branches of the Legislature, and was signed by the Governor. The titles to the original bill and the substitute relate to the same subject-matter, viz., the collection of taxes, and have the same object in view, viz., the enforcement of such collection. The body of the original bill is not before us, and we must presume that its provisions were germane to the object expressed in the title. The sole object in restraining waste is "to force the collection of the taxes." The right to enlarge or limit the territory within which such acts shall be operative under bills which, as introduced, include a part or all of the State, has never been questioned. It can as well be done after the 50-day limit as before. When done, the title must be amended to correspond with the object of the bill. This case is not ruled by *Sackrider v. Supervisors*, 79 Mich. 59 (44 N. W. Rep. 165), but is ruled by *Attorney General v. Rice*, 64 Id. 385 (31 N. W. Rep. 203), and *People v. McElroy*, 72 Id. 446 (40 N. W. Rep. 750).

The decree must be reversed, with costs, and the case remanded for further proceedings.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. LONG, J., did not sit.