ALLAN CALDWELL, TREASURER OF THE TOWNSHIP OF OLIVER, v. DAVID WARD AND HENRY C. WARD.

[See 88 Mich. 13.]

*Taxes—Injunction to restrain waste—Right to maintain bill.*

Act No. 223, Laws of 1889 (How. Stat. § 1170 *n* 1), authorizing the issuance of injunctions at the suit of township treasurers to restrain waste upon lands on which taxes are due and remain unpaid, is construed as follows:

    *a*—A bill may be filed under the statute upon a *refusal* of payment at any time after the taxes can be lawfully demanded, although the treasurer has not returned his tax roll.

    *b*—In order to warrant the filing of a bill before the expiration of the time within which the taxes can be paid to the township treasurer, there must have been a positive, unequivocal refusal to pay the whole or some portion of the same.

Appeal from Kalkaska. (Aldrich, J.) Argued November 6, 1891. Decided November 13, 1891.

Bill to restrain waste upon lands upon which taxes are unpaid, under Act No. 223, Laws of 1889. Complainant appeals from decree dismissing bill. Affirmed. The facts are stated in the opinion.

*Chauncey C. Jencks*, for complainant.

*H. H. Wheeler*, *W. D. Totten*, *C. M. Phelps*, and *H. T. Cook*, for defendants.

MORSE, J. Complainant, as treasurer of the township of Oliver, filed his bill of complaint in the circuit court for the county of Kalkaska, in chancery, pursuant to the provisions of Act No. 223, Laws of 1889,[1] for an injunction to restrain the cutting or removing of timber from the lands of defendant David Ward in the said township of Oliver. A preliminary injunction was allowed, issued, and served, but the operation thereof was soon after suspended upon the filing of the defendants' bond, conditioned for the faithful performance of any order or decree of the court, etc. Defendants demurred generally to the bill of complaint, and in the circuit court the demurrer was sustained; but the order dismissing the bill was reversed in this Court, and the case remanded back for further proceedings. See *Caldwell v. Ward*, 83 Mich. 13. Defendants then answered severally.

By their answers, and by the terms of a stipulation between counsel at the hearing, all of the material allegations contained in the bill of complaint were admitted, excepting only the allegations as to the efforts made by the treasurer to collect the taxes, as set forth in the second paragraph of the bill. The answers alleged as a part of the defense that the time for the collection of taxes in the township of Oliver had been duly extended by the township board of that township to the 1st of March, and that the tax roll, with its warrant, was still in the treasurer's hands, by virtue of such extension of

---

[1] Act No. 223, Laws of 1889, provides: "That when any person, company, or corporation shall neglect or refuse to pay any tax assessed on the lands of such person, company, or corporation within the time specified by law, the township treasurer shall be entitled to an injunction to restrain waste on any of such lands upon which the taxes shall remain unpaid, when it shall appear that such lands are chiefly valuable for the timber being, standing, or growing thereon. And any circuit judge or circuit court commissioner of the county in which such lands are situated may, on the application of such township treasurer, make an order restraining any person from committing waste thereon."

time, at the time the bill of complaint was filed. This fact was admitted by complainant's counsel in the stipulation above referred to. No material fact was, therefore, in controversy at the hearing, and the only matter upon which proofs were taken was as to the efforts made by the treasurer to collect the defendant David Ward's taxes.

The defendants contend that the case is controlled by the opinion of Mr. Justice GRANT when it was in this Court on demurrer. In the opinion the statute is set out, in which it appears that the remedy is given upon the *neglect or refusal* of any person, company, or corporation to pay any tax assessed on the lands of such person, company, or corporation; and in the course of his reasoning Mr. Justice GRANT says:

"'The township treasurer is made the agent of the State during his term of office to commence suit whenever the occasion arises. He could not well bring the suit while the tax roll is in his hands, because the taxpayer is entitled to all that time within which to pay. There might be a refusal, but there could not well be a neglect, to pay within the time limited for payment. By the very terms of the act, no suit can be brought until the expiration of the time specified by law for payment."

The bill in this case was filed February 18, 1890. The time for the collection of taxes had been duly extended until the 1st day of March, 1890; and the tax roll and warrant were lawfully in the hands of the township treasurer at the time the bill was filed. Ward had the right at that time, and until the roll was returned, to pay the taxes to such treasurer. It is claimed by defendants' counsel, from the language of the opinion as above given, that the officer had no right to file this bill until he had returned the tax roll to the county treasurer. The circuit judge took this view of the case,

and dismissed complainant's bill. Complainant appeals.

It must be admitted that the language of our opinion, when the case was here before, justified the court in his action; and it may be that it ought to be considered as the law of this case in view of such language. The language is capable of broader interpretation than was intended. The argument of this Court in such opinion had in view more especially the statutory time of payment, which is limited to the months of December and January, and did not take into consideration the fact that the time of collection had been extended, as such fact did not appear in the record before us, and the defendants were then contending that the bill was filed too late, and the reasoning of the opinion was meeting this objection. A careful reading of the statute convinces us that the Legislature intended that a refusal to pay the tax when lawfully demanded should be sufficient to maintain the bill. It reads, "neglect or refusal." If the word "and" had been used instead of "or," the contention of the defendants would be correct that the bill could not be filed so long as the person against whom the tax was assessed had the lawful right to pay it to the township treasurer. But we are satisfied that upon a refusal to pay at any time after the tax could be lawfully demanded the treasurer would have a right to file his bill under the statute, although he had not returned his tax roll.

The testimony, however, in this case fails to show that David Ward, against whom the taxes were assessed, refused to pay such tax before the filing of the bill in this cause. It appears that the treasurer called upon the agent of Mr. Ward, who refused to pay the taxes without consulting Mr. Ward, on the ground that they were too high. The treasurer says:

"He [Ward's agent] took a list of all the lands, and

filled out the receipts the same as if he was going to pay them, and he said that he would send them to Mr. Ward, and see what he would do about it."

The treasurer did not see Mr. Ward before the bill was filed. He wrote to him, but received no answer. Mr. Ward was a non-resident of the county. After the suit was commenced, Ward paid $200 of the taxes, and the injunction was released. The whole amount assessed against him was a little over $600.

There should be, in order to warrant the filing of a bill of complaint under this statute before the expiration of the time in which taxes can be paid to the township treasurer, a positive, unequivocal refusal to pay them, or some portion of them. There was no such refusal shown in this case. Therefore the bill was rightfully dismissed.

We do not, however, think that this appeal can be called a vexatious one, as contended by the defendants' counsel. We are glad of the opportunity to correct so much of the language of our former opinion in this case as might, perhaps, reasonably lead to the inference that under no circumstances could a bill be filed under the statute (which will be found on page 379) while the tax roll remains lawfully in the hands of the township treasurer.

The decree is affirmed, with costs.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred. McGRATH, J., did not sit.